IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

KEITH REED and LAURA BLACK, as heirs at law of BARBARA REED, deceased,

    Plaintiffs,

v.

COORDINATED HEALTH CENTER, LLC, a Colorado Limited Liability Company d/b/a ASPEN SIESTA,

    Defendant.

## COMPLAINT AND JURY DEMAND

**COME NOW** the Plaintiffs, KEITH REED and LAURA BLACK, as heirs at law of BARBARA REED, deceased, by and through counsel, the Law Offices of J.M. Reinan, P.C., and for their Complaint and Jury Demand against COORDINATED HEALTH CENTER, LLC, a Colorado Limited Liability Company d/b/a ASPEN SIESTA, state and aver as follows:

### I.   PARTIES AND VENUE

1. Plaintiffs Keith Reed and Laura Black are the surviving son, daughter and heirs at law of Barbara Reed, deceased.

2. Plaintiff Keith Reed resides in the State of Arizona at PO Box 2095, Green Valley, Arizona 85622.

3. Plaintiff Laura Black resides in the State of Wyoming at 329 Clarkson Avenue, Evanston, Wyoming 82930.

4. Defendant Coordinated Health Center, LLC, is a Colorado Limited Liability Company that owns and operates Aspen Siesta, a licensed skilled nursing facility located at 5353 East Yale Avenue, Denver, Colorado 80222.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as all Plaintiffs are diverse in citizenship from Defendant, and the amount in controversy exceeds the jurisdictional threshold of $75,000.

6. Venue is proper in the District of Colorado as the acts and omissions complained of herein occurred within Colorado.

## II.  FACTUAL BACKGROUND

7. At all times relevant to this Complaint, Barbara Reed suffered from Multiple Sclerosis and related health issues.

8. As a result of her health issues, Barbara Reed required skilled nursing care as well as assistance with her activities of her daily living.

9. In September, 2016, Plaintiffs sought placement for Barbara Reed, and found Aspen Siesta through a recommendation from a social worker.

10. Aspen Siesta evaluated Mrs. Reed and told Plaintiffs that Aspen Siesta would be capable of meeting Barbara Reed's needs, including her needs for assistance of daily living.

11. Based upon Aspen Siesta's promises and recommendations regarding its ability to meet Mrs. Reed's needs, and upon Plaintiffs' confidence in Aspen Siesta's ability to accurately assess Mrs. Reed's needs as well as Aspen Siesta's ability to meet those needs, Plaintiffs agreed to have Mrs. Reed admitted to Aspen Siesta.

12. Mrs. Reed was admitted to Aspen Siesta on September 19, 2016.

13. At the time Mrs. Reed was admitted to Aspen Siesta, Aspen Siesta knew and intended that it did not have sufficient staff or sufficiently trained staff to meet Mrs. Reed's needs.

14. Aspen Siesta also knew and intended that, as private pay facility that does not accept government funds and is thus not subject to extensive governmental regulation, surveying, inspection or oversight, Aspen Siesta was capable of concealing its lack of staff training and staff deficiencies from Plaintiffs, who were incapable of researching Aspen Siesta online or through the Colorado Department of Public Health and Environment website.

15. Because of Aspen Siesta's lack of sufficient staff and lack of sufficiently trained staff, Barbara Reed was subjected to abuse and neglect throughout her stay at Aspen Siesta.

16. Among other things, Barbara Reed was not provided with proper hygiene or baths, and was forced to remain dirty in her waste for extended periods of time. In fact, her catheter leaked causing Mrs. Reed to continually be found wet, which was an issue that persisted throughout her stay.

17. In addition, Aspen Siesta did not have sufficient staff or sufficiently trained staff to reposition Mrs. Reed to prevent the development of pressure sores.

18. As a result of these staffing deficiencies and the abuse and neglect that occurred as a result of these staffing deficiencies, Barbara Reed developed pressure sores, including a serious pressure sore on or about her bottom.

19. Aspen Siesta's staff knew about the serious nature of the pressure sore, and in fact Aspen Siesta's wound care nurse took photographs of the sore. The wound nurse also commented to Plaintiffs that she kept finding Mrs. Reed wet from the leaking catheter, which was contributing to the skin breakdown.

20. However, Plaintiffs were not fully informed about the seriousness or extent of Barbara Reed's pressure sore. Rather, Plaintiffs were told that their mother was being cared for and the pressure sore was under control.

21. By mid-November, Plaintiffs became increasingly concerned about Aspen Siesta's lack of attention to their mother's needs.

22. On December 1, Plaintiff Laura Black drafted a notice to Aspen Siesta that Mrs. Reed would be removed from the facility.

23. Without having been adequately informed about the serious nature and full extent of Mrs. Reed's pressure sore, on December 10, 2016, Mrs. Reed was removed from Aspen Siesta and brought home.

24. Once Mrs. Reed was brought home, her home health nurses noticed the sore on her bottom, and Mrs. Reed was transferred to Swedish Hospital for care and evaluation.

25. Mrs. Reed's pressure sore on her bottom was noted to be a serious and severe Stage IV, and had become infected into her bone.

26. Mrs. Reed required multiple surgeries at Swedish, including a colostomy.

27. As a result of the pressure sore, bone infection and the need for surgeries, Mrs. Reed became despondent and depressed. Her overall health precipitately spiraled downward, and Mrs. Reed ultimately died on March 20, 2017 due to multiple medical complications precipitated by the pressure sore and required surgeries and procedures, and proximately caused by Defendants' neglect.

### III. CLAIM FOR RELIEF: NEGLIGENCE RESULTING IN WRONGFUL DEATH

4

28. Plaintiffs hereby incorporate each and every averment set forth herein as if each and every averment were set forth verbatim herein.

29. Aspen Siesta is vicariously responsible for the acts and omissions of its nursing staff.

30. Aspen Siesta is directly responsible for failing to adequately staff and train its nurses, aides and other direct care staff.

31. Aspen Siesta owed Barbara Reed and thus by extension, Plaintiffs, her heirs at law, the following duties, *inter alia*:

   a) A duty to provide reasonable oversight;

   b) A duty to monitor Barbara Reed's condition and changes in condition;

   c) A duty to prevent the development of pressure sores, including Stage IV pressure sores;

   d) A duty to keep Barbara Reed's family fully informed as to changes in her condition;

   e) A duty to provide reasonable wound care;

   f) A duty to seek emergency transport;

   g) A duty to avoid discharging Mrs. Reed home with a Stage IV pressure sore; and

   h) A duty to keep accurate documents and photographs depicting Mrs. Reed, her care and her pressure sores.

32. Aspen Siesta breached its duties of due care to Mrs. Reed, and thus by extension to Plaintiffs, by engaging in the acts and omissions described herein and by *inter alia*:

   a) Failing to adequately staff Aspen Siesta;

   b) Failing to provide Mrs. Reed with proper care, including hygiene and pressure relief;

   c) Failing to keep Plaintiffs fully informed as to changes in Mrs. Reed's condition;

   d) Failing to follow reasonable nursing standards;

e) Failing to timely intervene;

f) Failing to keep accurate and complete documents, records and photographs; and

g) Failing to prevent the development of a Stage IV pressure sore, which is considered a "never event."

33. Mrs. Reed died as a result of the wrongful acts and omissions described herein.

34. As a result of Mrs. Reed's wrongful death, Plaintiffs have suffered injuries, damages and losses under the Colorado Wrongful Death Act.

## IV.   PRAYER FOR RELIEF

WHEREFORE for the reasons set forth herein, Plaintiffs pray that this Honorable Court enter judgment in their favor and against the Defendant for the claims for relief as set forth herein, and following trial to a jury, award the following damages:

a) Non-economic loss as provided under the Wrongful Death Act;

b) Burial and funeral costs; and

c) Court costs and interest.

d) Plaintiffs reserve the right to amend the Complaint to include additional remedies and damages.

**PLAINTIFFS DEMAND TRIAL TO A JURY OF SIX**

Respectfully submitted this 14th day of June, 2017.

LAW OFFICES OF J.M. REINAN, P.C.

s/ Jerome M. Reinan
_____
Jerome Reinan
Jordana Griff Gingrass
Jeremy I. Pollack
1437 High Street
Denver, Colorado 80218-2608
Telephone: (303) 894-0383
Facsimile: (303) 894-0384
*Attorneys for the Plaintiffs*


s/ Jordana Griff Gingrass
_____
Jerome Reinan
Jordana Griff Gingrass
Jeremy I. Pollack
1437 High Street
Denver, Colorado 80218-2608
Telephone: (303) 894-0383
Facsimile: (303) 894-0384
*Attorneys for the Plaintiffs*


Plaintiffs' Addresses:

Keith Reed
PO Box 2095
Green Valley, Arizona 85622

Laura Black
329 Clarkson Avenue
Evanston, Wyoming 82930